```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
CHARLES TALBERT,                    :
                                    :
          Plaintiff,                :   Civ. No. 17-7717 (NLH)(KMW)
                                    :
     v.                             :   OPINION
                                    :
BOARD OF CHOSEN FREEHOLDERS,        :
et al.,                             :
                                    :
          Defendants.               :
_____:
```

APPEARANCES:

Charles Talbert
143 W. Price Street
Philadelphia, PA 19144
    Plaintiff Pro Se

Timothy J. Galanaugh, Esq.
Camden City Attorney Office
520 Market Street, Room 420
Camden, NJ 08101
    Counsel for Moving Defendant City of Camden

HILLMAN, District Judge

    Plaintiff Charles Talbert filed a Complaint pursuant to 42 U.S.C. § 1983 against, inter alia, Moving Defendant the City of Camden for maltreatment he received at the Camden County Correctional Facility ("CCCF") where he was previously housed as a pre-trial detainee. ECF No. 3. Presently before the Court is the Moving Defendant's Motion to Dismiss, which is ripe for adjudication. ECF No. 21. Plaintiff has filed no opposition to the Motion. For the reasons that follow, the Court will grant

1

the Motion and dismiss the Moving Defendant City of Camden as a party.

I.  Factual Background

The City of Camden is included as one of thirteen entities and individuals named by Plaintiff as defendants in the Complaint.  See ECF No. 3.  The Complaint provides that the "City of Camden (the City) is a municipality, which operates the CCCF."  Id., ¶ 3.  There are no allegations against the Moving Defendant, the City of Camden, other than the allegation that it is the municipality that operates the Camden County Correctional Facility ("CCCF"), where the alleged maltreatment of Plaintiff occurred.  See id. at 4, 14, 17, 18, 21.  No other factual allegation against the City of Camden is contained in the Complaint.  See generally ECF No. 3.

The City of Camden has filed a Motion to Dismiss itself as a party because it does not, in fact, operate the Camden County Correctional Facility, and without that fact to tie the City to the County Correctional Facility, Plaintiff cannot state a claim against it.  See ECF No. 24-2.  In support of that argument, the City of Camden provides a certification from the business administrator for the City of Camden, in which the administrator certifies that the City of Camden does not have and has not had any legal or other responsibility regarding the operation of the Camden County Correctional Facility, which, the administrator

2

certifies is a county, and not a city, entity. See ECF No. 24-5. In addition to the certification, the City of Camden requests that the Court take judicial notice of the fact that the Camden County Correctional Facility is a county facility, staffed by county employees, and that the City of Camden is unrelated to the Facility other than its physical location within the City. ECF No. 24-2 at 1-2. Plaintiff has not opposed the motion or filed any response.

II. Standard of Review

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial

4

experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

III. Discussion

Defendant City of Camden requests that the Court take judicial notice of the fact that it does not and has not operated the Camden County Correctional Facility, without which allegation, Plaintiff cannot state a claim against it.

Under Federal Rule of Evidence 201, a court may take judicial notice of any adjudicative fact that is generally known within the court's territorial jurisdiction or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed. Fed. R. Evid. 201(b). "A court must take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is appropriate when deciding a

motion to dismiss because "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f).  See also O'Boyle v. Braverman, 337 F. App'x 162, 164 n.2 (3d Cir. 2009) ("Although the general rule is that a district court may not look outside the complaint and the documents attached thereto in ruling on a Rule 12(b) motion to dismiss, we have acknowledged that the court may also consider matters of which judicial notice may be taken . . . ." (quoting Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008)).

The fact that the Camden County Correctional Facility is operated by the County of Camden and not the City of Camden is a fact known within the Court's jurisdiction, and especially within the Camden Vicinage.  In addition, the fact is well established by the certification attached to the Motion to Dismiss, and the fact and its accuracy has not been disputed by Plaintiff (nor has the Motion been opposed).  Further, the Court notes that the Camden County website lists the Correctional Facility on its "Offices, Departments, Agencies" webpage, available at http://www.camdencounty.com/offices-departments-agencies/, and it is also listed as part of the Camden County Department of Corrections, available at http://www.camdencounty.com/service/ corrections/.

Given the lack of dispute or opposition, the knowledge of the fact within this jurisdiction, and with the understanding that the Court may properly notice the structure and operational organization of governmental agencies, see Nat'l Audubon Soc. v. Dep't of Water & Power of City of Los Angeles, 496 F. Supp. 499, 503 (E.D. Cal. 1980) (judicially noticing that that Bureau of Land Management acts under direction of the Secretary of Interior and the Forest Service acts under the direction of the Secretary of Agriculture), the Court will take judicial notice of the fact that the County of Camden operates the Camden County Correctional Facility, over which the City of Camden has no legal or operational responsibility.

The Court must next determine whether Plaintiff can state a plausible claim for relief against the City of Camden after the Court has judicially noticed the fact that the County of Camden--and not the City of Camden--operates the Camden County Correctional Facility. Municipal liability under § 1983 "may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). A municipality is liable under § 1983 only when "execution of a government's policy or custom, whether made by its lawmakers or

by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694.

Without the allegation that the City operates the Camden County Correctional Facility and is thus responsible for it, there are no factual allegations involving the City.  Plaintiff cannot state a plausible claim that the City was responsible for a policy or custom that caused the alleged harm to him that occurred at the Camden County Correctional Facility.  For this reason, the City will be dismissed without prejudice.

IV. Conclusion

The Court will grant the Motion to Dismiss and dismiss Defendant City of Camden as a party.  An appropriate order follows.


Dated: January 18, 2019        s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.